UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ROWLAND MANUEL,       ) | |
| ) | |
| Plaintiff,      ) | |
| v.      ) | Civil Action No. 1:22-cv-03619 (UNA) |
| ) | |
| ) | |
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Defendant.     ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed a complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, on November 29, 2022. On December 5, 2022, the court noted that plaintiff had only listed a post office box, located in Long Beach, California, rather than a residence address, as required by D.C. Local Civil Rule 5.1(c)(1). *See* Order, ECF No. 3. The court provided plaintiff with 20 days to submit a full residence address, or alternatively, to file a motion to use a post office box as his mailing address. *Id.*

Plaintiff has now filed the required motion, ECF No. 4, but plaintiff's submission contains no argument or justification in support of the request. The motion will therefore be denied, and this case may be dismissed for that reason alone. *See* D.C. Local Civil Rule 5.1(c)(1). The court, finds, however, that there are additional reasons why this case should be dismissed.

Plaintiff has attempted to file a civil complaint against the United States under the criminal penalties subsection of the Privacy Act, *see* 5 U.S.C. § 552a(i)(1)–(3). He demands injunctive relief and $15,000 in restitution for alleged "data breach crimes" committed by "employees working for the United States Office of Personnel Management and its security contractor Peraton Risk Decision, Inc." in "2013 and 2014." He contends that he has not personally "suffered any financial losses caused by the data breach crimes," nor has he "spent the time and money trying to

restore any sort of information related to oneself," nonetheless, he demands relief on his own behalf and on behalf of "the public in general," because the alleged "data breach is a crime involving conspiracy, threat and harm against a great number of people not all known to be data breach criminals," including, but not limited to, "persons that work and serve for [him] in federal agencies."

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls into this category. Neither defendant nor the court can be expected to discern plaintiff's overbroad claims as pleaded.

Second, plaintiff cannot bring an action on behalf of "the public" because a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ");

*Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class"), citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).[1]

Third, "[a]lthough section 552a(i) of the Privacy Act does provide criminal penalties for federal government employees who willfully violate certain aspects of the statute, [plaintiff] cannot initiate criminal proceedings [under that provision] . . . by filing a civil suit." *Ashbourne v. Hansberry*, 302 F. Supp. 3d 338, 346 (D.D.C. 2018), citing *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1448 (9th Cir. 1985) (concluding that plaintiff cannot state a claim under section 552a(i) because it "generates no civil right of action"); *see also Wilson v. Libby*, 498 F. Supp. 2d 74, 77–78, 87 (D.D.C. 2007) (finding that, while agency officers or employees may face possible criminal penalties under Section 552a(i)(1), Congress did not authorize a "civil cause of action" for such violations), *aff'd*, 535 F.3d 697 (D.C. Cir. 2008), *cert. denied*, 557 U.S. 919 (2009). Furthermore, the Privacy Act only authorizes claims against the agency, not individual employees, and plaintiff has not identified OPM as a defendant.  *See* 5 U.S.C. § 552(a)(4)(B) (authorizing suit against an "agency") and 5 U.S.C. § 552a(g)(1) (same). *See also Tyree v. Hope Vill., Inc.*, 677 F. Supp. 2d 109, 110 (D.D.C. 2009) ("Only agencies . . . are subject to the . . . Privacy Act.").

---

[1] In any event, a timely class action against the agency and its contractor was filed in 2015 in the wake of the OPM data breach on behalf of federal employees who had suffered harm as a result of the breach, and that matter was recently closed after a settlement was reached and approved at a fairness hearing. *See In re U.S. Office of Personnel Management Data Breach Litigation*, 15-mc-1394.

Indeed, this court generally has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990), citing cases. The decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966). Nor may a plaintiff compel a criminal investigation by any law enforcement agency by filing a civil complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For all of these reasons, the court grants plaintiff's application for leave to proceed IFP, ECF No. 2, denies without prejudice plaintiff's motion to use a post office box as his mailing address, ECF No. 4, and dismisses the complaint, ECF No. 1, and this matter, without prejudice.

A separate order accompanies this memorandum opinion.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

Date:  December 27, 2022